UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| In the Matter of<br>Eric Adams 2025, Eric Adams, Sharon Adams, as Treasurer of Eric Adams 2025, Marietta Rozental, Joe Shanie, and Malcolm Adams,<br><br>      Petitioners-Plaintiffs,<br><br> - against -<br><br>New York City Campaign Finance Board,<br><br>      Respondent-Defendant. | CIVIL ACTION NO. \_\_\_\_ |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441 and 1446, Respondent-Defendant New York City Campaign Finance Board ("Defendant") gives notice that it hereby removes the above-captioned action, presently pending in the Supreme Court of the State of New York, Kings County, to the United States District Court for the Eastern District of New York.  As grounds for removal, the Campaign Finance Board states as follows:

## BACKGROUND

1. On May 27, 2025, Petitioners-Plaintiffs ("Plaintiffs") commenced a civil action against the New York City Campaign Finance Board (the "Board") in the Supreme Court of the State of New York, Kings County, under Index No. 517421/2025.  Plaintiffs filed an Amended Petition-Complaint ("Amended Petition") on June 5, 2025.  Then, on June 12, 2025, the parties filed a Stipulation in which Plaintiffs agreed to discontinue the thirteenth and fourteenth causes of action in the Amended Petition, which were the only additions in the amendment.

2. A copy of the Amended Petition and all other papers filed in the state court action are attached as Exhibit 1.

1

3. This case involves claims by New York City Mayor Eric Adams, his reelection campaign, referred to as Eric Adams 2025 (the "Adams Campaign"), and some individual supporters regarding the Board's decision to deny the campaign public matching funds under the New York City Campaign Finance Program.

4. The Board has denied the Adams Campaign matching funds for failing to satisfy a number of requirements, including failing to timely file an annual Conflicts of Interest Board disclosure, and failing to respond to the Board's requests for documents and information. The Board also denied matching funds to the Adams Campaign based on information contained in Mayor Adams's indictment on federal corruption charges, a complaint charging Mohamed Bahi with federal crimes related to witness tampering and the destruction of evidence, and Erden Arkan's allocution after pleading guilty to a federal conspiracy charge, among other documents, that provides reason to believe that Mayor Adams "has, in the course of public funds program participation, engaged in conduct detrimental to the Program that is in violation of federal, state, and/or City law." Am. Pet. ¶ 51, Ex. 1 at 120 (citing 2025 Public Funds Payment Determination Supplemental Notice, Ex. 1 at 78–79).[1]

5. Plaintiffs styled the action as a "a hybrid proceeding" between a New York Civil Practice Law and Rules ("CPLR") Article 78 petition and a complaint seeking declaratory relief and monetary damages. *See Id.* ¶ 1, Exh. 1 at 111.

6. The original Petition was served on the Board through the New York City Law Department on May 28, 2025. *See* Aff. of Service, Ex. 1, at 104–08.

7. Accordingly, pursuant to 28 U.S.C. § 1446(b), this action was removed within 30 days of the Board's receipt of the original Petition-Complaint.

---

[1] Page citations for Exhibit 1 refer to the PDF page numbers, rather than the pagination of the embedded documents.

## JURISDICTIONAL GROUNDS FOR REMOVAL

8. This Court has original jurisdiction over this action under 28 U.S.C. § 1331 because the action arises under the Constitution of the United States. A defendant may remove to the appropriate federal district court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a).

9. Plaintiffs allege three federal Constitutional violations. First, Plaintiffs allege that the Board's "reason to believe" standard for denying matching funds is unconstitutionally vague and thus violates the Fourteenth Amendment's Due Process clause. *See* Am. Pet. ¶¶ 159-67, Ex. 1 at 137–39. Second, Plaintiffs allege that denying the campaign matching funds infringes on Mayor Adams, the Adams Campaign, and the supporters' First Amendment free speech rights. *See id.* ¶¶ 144–58, Ex. 1 at 135–37. Third, Plaintiffs allege that denying the campaign matching funds deprives Plaintiffs of the right to participate in the electoral process on equal terms with other candidates, in violation of the Fourteenth Amendment. *See id.* ¶¶ 137–43, Ex. 1 at 134–35.[2]

10. Plaintiffs move under 42 U.S.C. § 1983 for money damages and under 42 U.S.C. § 1988 for attorney's fees and costs. *See id.* ("Wherefore" clause), Ex. 1 at 143–44.

11. Federal constitutional issues predominate in the Amended Petition. The ninth, tenth, and eleventh "causes of action" are explicit federal constitutional challenges to the Board's determination. *See id.* ¶¶ 137–67, Ex. 1 at 134–39 (discussing federal due process, free speech, and equal access to electoral participation claims). Even in causes of action articulated as

---

[2] Plaintiffs allege that they have been deprived of the right to participate equally in the mayoral election in violation of the Fifth Amendment. Am. Pet. ¶ 142, Ex. 1 at 134. Defendant understands that Plaintiffs mean to argue that their rights were violated under the Fourteenth Amendment as incorporated against the states via the Fifth Amendment. *See Mitchell v. Home*, 377 F. Supp. 2d 361, 372-73 (S.D.N.Y. 2005).

3

administrative challenges to the Board's determination, federal constitutional questions arise.[3] For example, in the first "cause of action," which is labeled "'[r]eason to believe' is not a lawful basis for an administrative determination," Plaintiffs argue that "'reason to believe' is not a lawful or *constitutional* standard for an administrative determination." *Id.* ¶ 71, Ex. 1 at 124 (emphasis added). The fourth, fifth, and sixth "causes of action" also turn on the validity of the Board's "reason to believe" standard, against which Plaintiffs have launched a constitutional challenge.[4]

12. Pursuant to 28 U.S.C. § 1367, "in any civil action of which the district courts have original jurisdiction," like this one, "the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action . . . that they form part of the same case or controversy." Claims are part of the same case or controversy when they "derive from a common nucleus of operative fact," such that "the relationship between [the federal] claim and the state claim permits the conclusion that the entire action before the court comprises but one constitutional 'case.'" *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966).

13. Here, the Court has supplemental jurisdiction over the state law claims in the Article 78 Petition because the state and federal claims emerge from the exact same set of facts: the Board's decision to deny the Adams Campaign matching funds. Both the state and federal

---

[3] Though the Amended Petition is styled as containing fourteen causes of action (of which the parties have stipulated to discontinue claims thirteen and fourteen), Plaintiffs do not allege fourteen distinct claims. Still, we adopt the language of "cause of action" for ease of organization.

[4] The fourth "cause of action" is titled, "[t]he [Board]'s denial of campaign matching funds to the Adams Campaign without findings of fact violates the NewYork City Administrative Procedure Act." Am. Pet. ¶¶ 89–94, Ex. 1 at 126–27. The fifth is titled, "'[r]eason to believe that a campaign has engaged in conduct detrimental to the matching funds program, in violation of law' is not a requirement of eligibility for campaign matching funds under the Campaign Finance Act." *Id.* ¶¶ 95–100, Ex. 1 at 127–28. The sixth "cause of action" is titled, "[t]he [Board] has no authority under the Campaign Finance Act to make 'reason to believe that a campaign has engaged in conduct detrimental to the matching funds program, in violation of law' a requirement of eligibility for campaign matching funds." *Id.* ¶¶ 101–107, Ex. 1 at 128–29.

4

claims implicate federal constitutional questions of due process, equal protection, and freedom of speech.

14. The Supreme Court held in an analogous case, *City of Chicago v. International College of Surgeons*, that federal courts may exercise supplemental jurisdiction over state administrative law claims when the case arises under the district court's federal question jurisdiction. 522 U.S. 156, 163 (1997). This is so even when state claims call for deferential, on-the-record review of administrative findings. *Id.* at 163, 166. The Court observed that because the state law claims arose from a common nucleus of operative fact with the College's federal constitutional claims, supplemental jurisdiction was proper over the state law causes of action. *Id.* at 165.

15. Additionally, the College's federal constitutional claims were raised "by way of a cause of action created by state law, namely, the Illinois Administrative Review Law." *Id.* at 164. The Court explained, however, that "even though state law creates [a party's] causes of action, its case might still 'arise under' the laws of the United States if a well-pleaded complaint established that its right to relief under state law requires resolution of a substantial question of federal law." *Id.* (quoting *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. Cal.*, 463 U.S. 1, 13 (1983)).

16. Here too, as discussed above, several of Plaintiffs' state law claims pursuant to the New York City Administrative Procedure Act and the New York City Campaign Finance Act raise questions arising under the Constitution, thus permitting the Court to exercise its jurisdiction over the claims. *See e.g.,* Am. Pet. ¶¶ 69-76, 89-107, Ex. 1 at 123-24, 126-29 (causes of action one, four, five, and six).[5]

---

[5] *City of Chicago* was decided prior to the development of the *Grable-Gunn* test, which establishes that "federal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed,

17. The Second Circuit followed *City of Chicago* in *Freeman v. Burlington Broadcasters, Inc.*, 204 F.3d 311 (2d Cir. 2000). There, Appellees removed an action from the Vermont Environmental Court to the United States District Court for the District of Vermont. *Id.* at 316. The panel held that "[s]ince this case involves removal of a case pending in a state court of first instance, seeking review of an agency decision adjudicating a federal issue, it could have been brought originally in a district court, and is therefore properly removable." *Id.* at 319.

18. The Second Circuit has not ruled on whether Article 78 itself deprives federal courts of subject matter jurisdiction, as some district courts have found. *See Carver v. Nassau Cty. Interim Fin. Auth.*, 730 F.3d 150, 155 (2d Cir. 2013) (citing, for example, *Cartagena v. City of New York*, 257 F. Supp. 2d 708, 710 (S.D.N.Y. 2003)).

19. However, the Second Circuit has interpreted the Supreme Court's decision in *City of Chicago* as suggesting that federal courts may exercise jurisdiction over claims brought under Article 78, "as long as those claims would otherwise fall within the court's pendent jurisdiction." *Id.* Plaintiffs raise such claims here, as the state law causes of action share a common nucleus of

---

(3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn v. Minton.* 568 U.S. 251, 258 (2013); *see Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.,* 545 U.S. 308 (2005). Here, the Court may find it unnecessary to evaluate removal pursuant to the *Grable-Gunn* test because a) the Court has original jurisdiction over the federal constitutional claims, and b) supplemental jurisdiction lies over Plaintiffs' state law claims as they arise from a common nucleus of operative fact with the federal claims. *See, e.g.*, *Garofalo v. City of New York,* No. 22-cv-7620, 2023 WL 3792514, at *3 (E.D.N.Y. June 2, 2023) (referencing *Grable-Gunn* in passing, but determining that the Court could exercise supplemental jurisdiction over state-law claims in a hybrid Article 78 Petition/Section 1983 Complaint). However, to the extent the Court seeks to address the *Grable-Gunn* test, Plaintiffs' claims call for the exercise of federal jurisdiction. Plaintiffs raise constitutional questions throughout their hybrid Petition-Complaint, which Defendant vigorously disputes. These claims are substantial – the core of Plaintiff's Petition-Complaint deals with whether Plaintiffs received due process. And, as addressed below in paragraph 25, federal courts have previously ruled on Article 78 petitions without disturbing the balance of power between states and the federal government. *See also Casale v. Met. Transp. Auth.*, No. 05-cv-4232, 2005 WL 3466405, at *7 (S.D.N.Y. Dec. 19, 2005) (Mukasey, J.) (analyzing *Grable* in the context of a motion to remand an Article 78 petition to state court, and observing that *Grable* did not "diminish[] the force of *City of Chicago*, where the Supreme Court held that the plaintiffs' federal constitutional challenges, which were brought under the Illinois Administrative Review Law but nonetheless turned 'exclusively on federal law,' were 'unquestionably' within the scope of federal question jurisdiction.").

operative fact with the constitutional causes of action, as well as require determination of embedded federal questions.  *See id.*

20.     Courts in the Second Circuit have exercised supplemental jurisdiction over claims raised in Article 78 petitions when the courts had original jurisdiction over the case.  For example, in *Lucas v. Plan. Bd. of Town of LaGrange*, plaintiffs initiated an Article 78 proceeding in the Supreme Court of the State of New York, Dutchess County, presenting six causes of action regarding the town's issuance of construction permits.  *See* 7 F. Supp. 2d 310, 318–19 (S.D.N.Y. 1998).  The first four causes of action raised state law claims, while the fifth claimed violations of due process and equal protection rights pursuant to 42 U.S.C. § 1983, and the sixth sought attorney's fees and costs under 42 U.S.C. § 1988.  *Id.*  The Court ruled that it had supplemental jurisdiction over the state law claims within the Article 78 petition.  *Id.*  It observed that "Plaintiffs' complaint clearly raises a number of issues of federal law in the form of various federal constitutional challenges to the Town's agreement to the construction" and that while "four of plaintiffs' six causes of action allege [state law] violations," the state law claims, too, required resolution of federal questions.  *Id.* at 318 (citing *City of Chicago*, 522 U.S. at 161).

21.     Similarly, in *Doe v. New York University*, the Court found that, because it had diversity jurisdiction over the action, it could exercise jurisdiction over Article 78 claims.  537 F. Supp. 3d 483, 490-92 (S.D.N.Y. 2021).  The Court reasoned that "just as Article 78 requires that its proceedings '*shall* be brought in supreme court,' N.Y. C.P.L.R. § 7804(b)," so does Section 1332(a) require that "'[t]he district courts *shall* have original jurisdiction' over diversity actions." *Id.* at 492 (emphasis in original).  As relevant here, Section 1331, too, states that "[t]he district courts *shall* have original jurisdiction" over all civil actions arising under federal law.  28 U.S.C. § 1331 (emphasis added).  The *Doe* Court explained that "[i]f such a directive' from state law

7

'could deprive federal courts of jurisdiction, state legislatures, not Congress, would control the power of the federal judiciary.'" *Id.* (quoting *Casale*, 2005 WL 3466405, at *6). The Court continued:

> If the New York legislature's decision divested this Court of its ability to hear cases otherwise squarely within its original jurisdiction, states would indeed hold ultimate authority over the power and jurisdiction of the federal judiciary. Such a result is plainly inconsistent with the structure of the U.S. Constitution and its Supremacy Clause.

*Id*.

22. Recently, this Court found that a hybrid Article 78 Petition/Section 1983 Complaint was wholly removable to federal court. In *Garofalo v. City of New York*, the Plaintiff initiated an action in the Supreme Court of the State of New York, Richmond County, seeking a judgment setting aside the New York Police Department Licensing Division's denial of his applications to purchase firearms. *See* 2023 WL 3792514, at *1. Plaintiff also claimed, pursuant to Section 1983, that "the regulations under which his applications were denied violate the Second and Fourteenth Amendments . . . as does the application of the 'arbitrary and capricious' standard to Article 78 review of gun licensing decisions." *Id.* (internal citations omitted). Defendant New York City removed the action to the Eastern District of New York, and Plaintiff moved to remand. *Id.* The Court ruled that, "based on the presence of the federal constitutional claims in his complaint, Plaintiff's motion to remand the case is without merit." *Id.* at *3. Moreover, the Court determined that it was proper to exercise supplemental jurisdiction over the claims for relief pursuant to Article 78, as all claims arose from a common nucleus of operative fact, and "to sever the Article 78 claims and remand to state court would run contrary to the interests of judicial economy" and "would create duplicative litigation, which is especially inefficient where the success or failure of Plaintiff's Article 78 claims may hinge on the

8

resolution of his federal constitutional claims." *Id.* at *4, *6. Moreover, the Court emphasized that although "comity concerns may arise where federal courts review the actions of state actors . . . here, Plaintiff's arguments turn on the application of the United States Constitution." *Id.* at *6.

23. Thus, while Courts in the Second Circuit have declined supplemental jurisdiction over claims in Article 78 petitions,[6] Plaintiffs' claims present a scenario where such jurisdiction is appropriate.

24. Plaintiffs aptly describe this proceeding as a "hybrid." Am. Pet. ¶ 1, Ex. 1 at 111. Though Plaintiffs assert some claims that are directly constitutional, they phrase certain state law claims as constitutional violations as well. *See, e.g., id.* ¶¶ 69–76, Ex. 1 at 123–24. State court resolution of the Article 78 claims thus requires adjudication of federal questions over which this Court has original jurisdiction. Facing this scenario in *City of Chicago*, the Supreme Court determined that removal to federal court was proper. *See* 522 U.S. at 164.

25. Moreover, "when deciding whether to exercise supplemental jurisdiction, a federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity." *Id.* at 173 (internal quotation omitted). These factors weigh in favor of the Court exercising supplemental jurisdiction here. As this Court has original jurisdiction over Plaintiffs' constitutional claims, it serves judicial efficiency to have all claims heard in one federal forum. The state and federal courts are equally convenient and fair for the parties – they are a few blocks away from each other. And federal courts have previously adjudicated claims raised pursuant to an Article 78 petition without

---

[6] *See, e.g.*, *Cartagena,* 257 F. Supp. 2d at 710; *Bd. of Managers of Soho Int'l Arts Condo. v. City of N.Y.*, No. 01-CV-1226, 2004 WL 1982520, at *28–29 (S.D.N.Y. Sept. 8, 2004); *Medrano v. Margiotta,* No. 15-CV-3704, 2017 WL 880964, at *5 (E.D.N.Y. Feb. 16, 2017), *report and recommendation* adopted, No. 15-CV-3704, 2017 WL 876293 (E.D.N.Y. Mar. 3, 2017).

disturbing the comity between the New York and federal courts. *See, e.g.*, *Garofalo,* 2023 WL 3792514 at *1; *Lucas,* 7 F. Supp. 2d at 318.

26. Thus, this Court should exercise supplemental jurisdiction over the state law claims in this matter.

## NOTICE TO STATE COURT AND PLAINTIFFS

27. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal shall be filed promptly with the Clerk of the Supreme Court, Kings County and a copy shall be served on all adverse parties in the New York State court action.

## CONCLUSION

The Board respectfully requests that this action be removed from the Supreme Court of the State of New York, Kings County to the United States District Court for the Eastern District of New York.

Dated: June 16, 2025
New York, NY

LANKLER SIFFERT & WOHL LLP

By:  /s/ Douglass B. Maynard
Douglass B. Maynard
Charlotte F. Blatt, *pro hac vice admission pending*
Lankler Siffert & Wohl LLP
1185 Avenue of the Americas
New York, NY 10036
(212) 921-8399

*Counsel for the New York City Campaign Finance Board*