

**ABRAMS | FENSTERMAN, LLP**
ATTORNEYS AT LAW

**Brooklyn**
1 MetroTech Center, Suite 1701
Brooklyn, NY 11201
718.215.5300 | P
info@abramslaw.com | E

Long Island · Brooklyn · White Plains · Rochester · Albany

ROBERT A. SPOLZINO
*Executive Partner*
*rspolzino@abramslaw.com*
Direct: 914-607-7102

*Via ECF & Telefax (718-613-2546)*

June 20, 2025

Hon. Nicholas G. Garaufis
United States District Judge
United States District Court
 for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:   *Matter of Eric Adams 2025, et al. v. New York City Campaign Finance Board*
      Case No. 1:25-cv-03380-NGG-LKE

Dear Judge Garaufis:

  We are the attorneys for the petitioners-plaintiffs in this matter, which was recently removed from the Supreme Court, Kings County, to the United States District Court for the Eastern District of New York. The amended complaint asserts state and federal claims, including claims arising under N.Y. CPLR article 78, arising from the New York City Campaign Finance Board's denial of campaign matching funds under the New York City Campaign Finance Act to Eric Adams 2025, the campaign committee for New York City Mayor Eric Adams.

  This is a very time sensitive case because its outcome will have a significant impact on the November 2025 general election for Mayor of the City of New York. I am writing with the consent of Douglass Maynard, Esq., counsel for the New York City Campaign Finance Board, to request a conference with the Court at its earliest convenience to address scheduling and jurisdictional issues.

  Prior to the removal, Justice Lewis in the Supreme Court had set a schedule by which the defendants would serve their answer and memorandum of law by June 16, 2025, the plaintiffs would serve their memorandum of law on June 18, 2025, and the matter would be argued on June 25, 2025. While that schedule is no longer possible, the plaintiffs would like to request a briefing schedule that at least theoretically retains the possibility of a determination before the New York City Campaign Finance Board meets again on July 15, 2025. The matching funds at issue are worthless if they are not disbursed in time to be used meaningfully in the campaign.

  The plaintiffs would also like the opportunity to address with the Court at the outset whether the Court will exercise supplemental jurisdiction. The first through eighth and twelfth causes of action in the petition-complaint have been brought under N.Y. CPLR article 78. If the Court were,

after briefing and hearing the merits, to decline to exercise supplemental jurisdiction, following what has been described as "the 'essentially unanimous position of the New York district courts' that it is appropriate to decline supplemental jurisdiction over Article 78 claims in most cases." *See Routh v. University of Rochester,* 981 F.Supp.2d 184, 210 (W.D.N.Y. 2013), the determination of this matter would effectively be delayed unnecessarily. The Court may also wish to stay adjudication of the federal claims until the article 78 claims have been adjudicated in state court (see *Carver v. Nassau County Interim Finance Authority,* 730 F.3d 150, 155 (2d Cir. 2013) ["Article 78 reflects a state preference for a state mode of procedure that is designed to facilitate a summary disposition of the issues presented ... and has been described as a fast and cheap way to implement a right that is as plenary as an action, culminating in a judgment, but is brought on with the ease, speed and inexpensiveness of a mere motion."])

    Thank you for your courteous consideration of this request. Should the Court wish to hear from counsel on this matter, we are available at the Court's call.

Respectfully yours,

Robert A. Spolzino

cc: Douglass Maynard, Esq. (dmaynard@lswlaw.com)