# ABRAMS | FENSTERMAN, LLP
ATTORNEYS AT LAW

**Brooklyn**
1 MetroTech Center, Suite 1701
Brooklyn, NY 11201
718.215.5300 | P
info@abramslaw.com | E

Long Island · Brooklyn · White Plains · Rochester · Albany

ROBERT A. SPOLZINO
*Executive Partner*
rspolzino@abramslaw.com
Direct: 914-607-7102

*Via ECF & Telefax (718-613-2546)*

July 10, 2025

Hon. Nicholas G. Garaufis
United States District Judge
United States District Court
 for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

   Re: *Matter of Eric Adams 2025, et al. v. New York City Campaign Finance Board*
     Case No. 1:25-cv-03380-NGG-LKE

Dear Judge Garaufis:

 We are the attorneys for the petitioners-plaintiffs in this matter. I write to request leave to submit this letter in reply to the respondents-defendants' submission of the Second Declaration of Paul Ryan which is presumably the CFB's response to Your Honor's order of July 1, 2025. The declaration contains new factual assertions to which we have had no opportunity to respond. We believe our response is necessary to clarify the implication of Mr. Ryan's statements.

 Mr. Ryan states that "[t]he full Board must meet to determine a candidate's eligibility for matching funds." Second Ryan Dec. ¶ 4. If that is correct, the decision to deny eligibility to the Adams Campaign was not made until the full Board met on May 12, 2025 (rather than when the Chairman wrote a letter on May 2, 2025), confirming our position that the CFB had both the Mayor's financial disclosure and the Adams Campaign's response to the CFB's November 15, 2025 request for information for more than two weeks when it denied eligibility.

 Mr. Ryan states that the CFB voted twice, on May 12, 2025 and on May 30, 2025, to withhold funds from the Cuomo Campaign, but revised the amount of the withholding thereafter "[b]ased on subsequent documentation provided to the Board and in response to a Rule 7-09 petition from the Cuomo Campaign" it. Ryan Second Dec. ¶ 29. That means that, at least with respect to the Cuomo Campaign, the CFB accepted and acted upon additional documents after the meeting date. The Adams Campaign received no such favor. With respect to the Adams campaign, the CFB refused to consider at its May 12, 2025 meeting the financial disclosure from Mayor Adams that it had on April 14, 2025 and it knew on April 25, 2025 had been accepted by the Conflicts of Interest Board. Similarly, the CFB had the Adam Campaign's response to the CFB's information request on April 14, 2025, Doc. No. 11-1, ¶ 48, but would not consider it on May 12, 2025. Mr.



Ryan's Second Declaration thus establishes that the Adams Campaign was treated less favorably than the Cuomo Campaign. The CFB provides no explanation for the disparate treatment.

Mr. Ryan states that "[t]he Board has not yet met to determine the adequacy of the April 14th response [to the CFB's November 15, 2025 information request] and will not do so until the next payment date, July 15, 2025, Ryan Second Dec., Doc. No. 15.1, ¶ 13, but that "Board staff expects to recommend" that the response is inadequate. Ryan Second Dec., Doc. No. 15-1, ¶ 14. The apparent basis for that predetermination is its current premise, first asserted in this litigation, Doc. No. 12-1 at 11, that the April 14, 2025 response did not include any information from Mayor Adams. But the CFB made its request to the 2021 and 2025 Adams Campaigns, not Mayor Adams. Doc. No. 11-2, at 425-426. And if the CFB does deny eligibility for that reason, it will be doing so on a basis that it never asserted in its April and May determinations. Doc. No. 11-2, at 633, 637, 641-642.

Mr. Ryan acknowledges that the CFB has now made a second request for documents and information from the 2021 and 2025 campaigns. The request, a copy of which Mr. Ryan has submitted, Doc. No. 15-3, is an eight-page, single-spaced letter that, if you count all the subparts, requires the committees to provide documents regarding 60 discrete items of information by July 11, 2025. The request, as the campaigns wrote on July 1, 2025 in requesting that the CFB withdraw the letter, Doc. No. 15-6, is "a blatant attempt to create a pretext for denying public funds once again." And the CFB has already said that the staff will recommend denial. The only possible justification for the request (other than to create a basis for denying eligibility) is the "reason to believe" rule that the CFB adopted without any authority, without regard to the correct standard of proof in an administrative proceeding, and in derogation of the rights of Mayor Adams, the Adams Campaign and the campaign's supporters. The demand should be rejected for denying eligibility for campaign matching funds, now or on July 15th.

But since Mr. Ryan has chosen to introduce the June 16, 2025 letter and the campaigns' response into this litigation, we note that in the response the campaigns offered to make this portion of the dispute moot by withdrawing its request for campaign matching funds with respect to the contributions referred to in the indictment. The CFB has thus far refused.

Finally, we note that Mr. Ryan acknowledges that Mayor Adams's financial disclosure is no longer a valid basis for denying campaign matching funds. Ryan Second Declaration, Doc. No. 15-1, ¶ 23.

Thank you for your courteous consideration of our request. Should the Court wish to hear from counsel further on this matter, we are available at the Court's call.

Respectfully yours,

Robert A. Spolzino

cc: Douglass Maynard, Esq. (dmaynard@lswlaw.com)